Chief Justice Robertson
delivered the Opinion of the Court.
The only question which we shall consider in this case, is as to parties..
Long, a surety for one Wilkins, is alone sued in chancery, on their joint note, alleged to be lost.
Although a separate suit might have been maintainable at law against the surety, nevertheless, the chancellor should never render a decree against such an obligor, unless his principal be also a party, or a sufficient reason for not bringing him before the court, shall be made to appear.
Allegations in a bill, of fhe-fleath and insolvency of an individual —facts not presumed to be with, in the personal knowledge-of the defen’t, nor charged -to be so, nor noticed in his answer— cannot he taken. Q3 true,'without proof.
The only reason assigned for suing Long alone, is the alleged death and insolvency of Wilkins ; and even of that allegation there is no proof. The silence of Long’s answer, as to those facts, is not an admission of their truth, because they are not charged to be, and cannot be presumed to be, within his personal knowledge.
. Nor would proof-of the insolvency or death-of Wilkins have authorized a decree against-Long alone. The chancellor cannot know what defence Wilkins, or his representative, might be able to sustain ; nor can it be known, that a decree against him could not be made available. And therefore, under such circumstances, it is not consistent with the principles of equity to render a decr.ee against the surety. *
When a party asks relief he must place himself in such a condition as will shew that his prayer is equitable; ancl it is not equitable to exact from a surety that which the principal, or his representatives, should pay, and might be compelled to pay, if sued jointly with the surety.
Wherefore, for want of proper parties, the decree of She circuit court is reversed, and the cause remanded.